IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIAMOND N. J., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-1835-BN |
| | § | |
| KILOLO KIJAKAZI, Acting | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Diamond N. J. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that she is disabled due to a variety of physical impairments, including gastrointestinal issues, complex regional pain syndrome ("CRPS"), idiopathic intermittent angioedema with intermittent urticaria, and postural tachycardia syndrome. After her application for child disability insurance benefits under 42 U.S.C. § 402(c) was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on November 12, 2020. *See* Dkt. No. 14-1 at 627-60 (Administrative Record ("AR") at 601-634). At the time of the hearing, Plaintiff was nineteen years old. She is a high school graduate and has no past work experience. Plaintiff has not engaged in substantial gainful activity since May 1, 2016.

The ALJ found that Plaintiff was not disabled and therefore not entitled to childhood disability insurance benefits. *See id*. at 465-475 (AR at 444-54) (ALJ Decision). Although the medical evidence established that Plaintiff suffered from CRPS, the ALJ concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of light work. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a production assembler, cashier II or fast-food worker – jobs that exist in significant numbers in the national economy

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on two general grounds: (1) the ALJ's finding that Plaintiff had only one severe impairment is not supported by substantial evidence; and (2) the ALJ failed to follow the correct legal standard for review of medical opinion evidence.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir.

2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff's second argument – that the ALJ failed to follow the proper legal standard for evaluating medical opinions – compels remand.[1]

Plaintiff contends the ALJ deviated from the correct legal standards for evaluating medical opinions by failing to provide a persuasiveness finding for the opinions of three treating physicians. The Commissioner responds that the ALJ properly considered all medical opinion evidence in the record and the medical

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

evidence Plaintiff alleges the ALJ failed to properly consider were not medical opinions.

The ALJ's treatment of medical opinions is governed by the revised regulations for social security benefits claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c(a). Under the revised regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ... including those from your medical sources." *Id.*; *accord Winston v. Berryhill*, 755 F. App'x 395 n.4 (5th Cir. 2018) (per curiam). Instead, ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions ... in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). This requirement is obligatory for claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c(a). Plaintiff applied for child disability insurance benefits on November 13, 2017, *see* Dkt. No. 14-2 at 465 (AR at 444), so the revised regulations apply.

The ALJ must consider all medical opinions in the record and evaluate their persuasiveness applying five factors: (1) supportability, (2) consistency, (3) relationship with the claimant (including: (i) length of treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of treatment relationship, (v) examining relationship), (4) specialization, and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *See* 20 C.F.R. § 404.1520c(c).

The most important of these factors are supportability and consistency. *See* 20 C.F.R. § 404.1520c(a). Supportability is the extent to which an opinion or finding is

supported by relevant objective medical evidence and the medical source's supporting explanations. *See* 20 C.F.R. 404.1520c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources. *See* 20 C.F.R. § 404.1520c(c)(2).

The ALJ is specifically required to explain how he or she considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required unless the ALJ is deciding among multiple medical opinions of equal support and consistency on the same issue that differ slightly. *See* 20 C.F.R. § 404.1520c(b)(2).

Not all statements by medical providers are considered medical opinions. *See William T. v. Comm'r of Soc. Sec.*, No. 6:18-cv-55-BU, 2020 WL 6946517, at *3 (N.D. Tex. Nov. 25, 2020). Under the revised regulations, "[a] medical opinion is a statement from a medical source about what [the claimant] can still do despite [the claimant's] impairment(s) and whether [the claimant has] one or more impairment-related limitations or restrictions" in the claimant's ability to perform the physical or mental demands of work activities, perform other demands of work, and adapt to environmental conditions. . § 404.1513(a)(2). Medical signs and laboratory finding are considered "objective medial evidence." 20 C.F.R. § 404.1513(a)(1). Any other statements, "including judgments about the nature and severity of [the claimant's] impairments, [the claimant's] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis" constitute "other medical evidence." *Id.* §§ 404.1513(a)(3), 416.913(a)(3).

The ALJ determined that Plaintiff had the RFC to perform a limited range of light work:

> Claimant has the residual functional capacity to lift/carry and push/pull up to 20 pounds occasionally and 10 pounds frequently, stand/walk for 6 hours in an 8-hour workday, sit for 6 hours in an 8-hour workday. The claimant can frequently climb ramps and stairs. The claimant cannot climb ladders, ropes, and scaffolds. She can frequently balance, stoop, kneel, and crawl.

Dkt. No. 14-at at 472 (AR at 451).

The ALJ stated that she "considered the medical opinion[s] … in accordance with the requirements of 20 C.F.R. § 404.1520c" and "fully considered the medical opinions" in the case. *See id*. at 472, 473 (AR at 451, 452). The ALJ considered the persuasiveness of State agency medical consultants' opinions that Plaintiff was capable of performing a limited range of light work and articulated why she found their opinions generally persuasive. The ALJ also considered the persuasiveness of Lee Ann Pearse, M.D.'s opinion that Plaintiff is unable to work more than four hours per day at an exertional level of less than sedentary and articulated why she found Dr. Pearse's opinion not persuasive.

But the ALJ did not make persuasiveness findings concerning what Plaintiff characterizes as "medical opinions" of three other physicians: Charina Ramirez, M.D., Meredith Brooks, M.D., and Tammi Williams, M.D. The ALJ briefly mentioned Dr. Ramirez's treatment in her discussion of the medical evidence, *see* Dkt. No. 14-1 at 469 (AR at 448). She did not mention Dr. Brooks's and Dr. Williams's statements in her written decision.

Dr. Ramirez treated Plaintiff for pediatric gastrointestinal conditions. In a to-whom-it-may-concern letter dated August 14, 2019, Dr. Ramirez stated that she was treating Plaintiff for slow transit constipation, occasional encopresis, nausea, and episodes of vomiting. *See* Dkt. No. 14-2 at 1216 (AR at 1957). Dr. Ramirez stated that, due to slow transit constipation and occasional encopresis, Plaintiff would need to be able to use a private restroom whenever she requested and would need to be able to drink water when needed. *See id.*

Dr. Brooks treated Plaintiff for chronic pain management. In a to-whom-it-may-concern letter dated November 1, 2019, Dr. Brooks requested accommodations Plaintiff needed under an Individualized Education Plan. *See* Dkt. No. 14-2 at 324-25 (AR at 1074-75). Those accommodations included increased time or extended deadlines for assignments and projection completion, open test time for all exams with a quiet setting, decreased class load if pain significantly increased, permission to leave class early to have sufficient time to travel between classes, two sets of textbooks so she was not required to carry extra weight that may increase her pain, limited participation in physical education, ability to move around the classroom when her pain was elevated, and two twenty minute breaks to do biofeedback in a quiet dark room when her pain was elevated. *See id.*

Dr. Williams completed a fill-in-the-blank Physician's Diagnostic Information Report. *See id.* at 1185-86 (AR at 1927-28). Dr. Williams found that Plaintiff's CRPS adversely affected her educational performance. Dr. Williams noted that Plaintiff may have special transportation needs, difficulty maintaining alertness, difficulty

with mobility and seating, difficulty with self-help skills, need additional rest periods, and have difficulty performing activities found in a general classroom. *See id.*

The Commissioner argues that Dr. Williams's report is a form that falls under the "other medical evidence" category. "While courts have long questioned the questionnaire format's persuasive value, 'there is no binding authority requiring the court to reject a checklist as a medical opinion.'" *Guy v. Comm'r of Soc. Security*, No. 4:20-cv-1122-O-BP, 2022 WL 1008-39, at *4 (N.D. Tex. Mar. 14, 2022) (quoting *Gittens v. Astrue*, No. 3:04-cv-2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008)).

The statements by Drs. Ramirez, Brooks and Williams are medical opinions as defined by 20 C.F.R. § 404.1513(a)(2) because they are statements from medical sources about whether Plaintiff has one or more impairment-related limitations or restrictions in her ability meet the physical or mental demands of work.

Dr. Ramirez's assessment that Plaintiff needed to use a private restroom whenever she requested is a comment on Plaintiff's ability to meet the on-task and attendance requirements of competitive work. *Cf. Aguero v. Saul*, No. 3:18-cv-3342-BH, 2020 WL 1493551, at *11 (N.D. Tex. Mar. 26, 2020) ("[T]he ALJ did not consider or incorporate any limitations into Plaintiff's RFC to accommodate for additional restroom breaks to account for Plaintiff's urinary frequency."); *Erica v. Berryhill*, No. 3:17-cv-3422-M-GH, 2019 WL 1300352, at *14 (N.D. Tex. Feb. 26, 2019) ("[W]hen calculating 'off-task' time, it is necessary to account not only for bathroom breaks but other impairment-based limitations as well.").

Likewise, Dr. Brooks's assessment of Plaintiff's need for accommodations, including her needs for increased time or extended deadlines to complete tasks, decreased workload, carrying limitation, moving around a space, and the need to take two twenty-minute breaks to do biofeedback in a quiet dark room, are comments on impairment-related limitations that affected Plaintiff's ability meet the basic requirements of competitive work, as are Dr. Williams's statements that Plaintiff has special transportation needs, difficulty maintaining alertness, difficulty with mobility and seating, difficulty with self-help skills, need for additional rest periods, and difficulty performing activities found in a general setting.

Because Dr. Ramirez's, Brooks's, and Williams's statements are medical opinions, the ALJ erred by failing to consider and articulate a persuasiveness finding as to each of them. By failing to provide a persuasiveness finding for the opinions of these three physicians – particularly in light of the supportability and consistency factors – the ALJ left Plaintiff without an explanation for her claim's denial and left the Court with an incomplete record incapable of facilitating meaningful judicial review. *See* 20 C.F.R. § 404.1520c(b)(1); *Guy*, 2022 WL 1008039, at *4.

The ALJ's error compels remand because the ALJ did not follow the correct legal standard for evaluating medical opinion evidence. *See* 42 U.S.C. § 402(g).

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: September 29, 2022

11

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE